UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RIAD MICHAEL SHAMOUN,

    Plaintiff,

v.                                                  Case No: 8:20-cv-280-TPB-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Riad Michael Shamoun seeks judicial review of the denial of his claim for disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the undersigned recommends that the decision be affirmed.

## BACKGROUND

### A. Procedural Background

Plaintiff filed an application for a period of disability and DIB on October 6, 2017. (Tr. 135–38.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 69–78.) Plaintiff then requested an administrative hearing. (Tr. 79.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 23–62.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for

benefits. (Tr. 11–19.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g).

### B.   Factual Background and the ALJ's Decision

Plaintiff, who was born in 1961, claimed disability beginning on July 1, 2010. (Tr. 135.) Plaintiff has a high school education. (Tr. 153.) Plaintiff's past relevant work includes work as a used car salesperson, finance coordinator, and customer service representative. (Tr. 16–17, 41.) Plaintiff alleged disability due to pain in his hips, lower back, neck, knees, and right shoulder. (Tr. 152.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity during the relevant period from July 1, 2010, the alleged onset date, to December 31, 2014, his date last insured. (Tr. 13.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments through the date last insured: old spine injury, status-post surgery, status-post right shoulder injury, and total hip replacement. (*Id.*) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). (*Id.*) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined

that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully consistent with the medical evidence and other evidence of record. (Tr. 15.)

Given Plaintiff's background and RFC, the Vocational Expert ("VE") testified that Plaintiff possessed skills for performing sedentary work. (Tr. 58–59.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 18.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this

process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even

if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff, proceeding *pro se*, argues that the ALJ erred in his consideration of a medical opinion from Dr. Alias Marrero.[1] (Dkt. 20.) On July 1, 2019, Dr. Marrero opined that Plaintiff was "totally and permanently disabled as of January 1, 2019." (Tr. 342.)

The ALJ found this opinion to be "completely unpersuasive." (Tr. 16.) According to the ALJ, the opinion is unpersuasive because it is a one-page form, without any supporting treatment records, diagnoses, or residual functional capacity assessment. (*Id.*) Further, the ALJ noted that the relevant period runs from July 1,

---

[1] The Court instructed Plaintiff to provide a memorandum of law enumerating the "discrete grounds upon which the administrative decision is being challenged," identifying the pages of the record relied upon, and citing to applicable legal authority. (Dkt. 18.) Plaintiff submitted a short letter memorandum to the Court. (Dkt. 20.) Notwithstanding, the undersigned construes Plaintiff's letter memorandum liberally to challenge the ALJ's consideration of Dr. Marrero's opinion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

2010 to December 31, 2014, but this form was completed in July of 2019, finding disability as of January 2019. (*Id.*) As such, the ALJ concluded that the statement is "vague, outdated and inconsistent with the medical record" and therefore unpersuasive. (*Id.*)

Pursuant to the new Social Security Administration ("SSA") regulations, published on January 18, 2017 and effective on March 27, 2017, "the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, No. 2:18-cv-2379-MGL-MGB, 2020 WL 376995, at *4, n.2 (D. S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a), (c)(1)–(2)). While there are several factors the ALJ must consider, "[t]he most important factors" are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

The new regulations also changed the articulation standards for ALJs in assessing medical source opinions. First, an ALJ need not assign evidentiary weight

to the medical opinions in the record. *See* 20 C.F.R. § 404.1520c(a); *Tucker v. Saul*, No. 4:19-cv-759-RDP, 2020 WL 3489427, at *6 (N.D. Ala. June 26, 2020). Second, the ALJ no longer needs to "give good reason" for the weight given to the medical opinion. 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Third, while the ALJ must explain how he or she considered the supportability and consistency factors for a medical source opinion, the ALJ need not explain how it considered any other factors. 20 C.F.R. § 404.1520c(b)(2).

In accordance with these regulations, the ALJ explained that he found Dr. Marrero's opinion to be unpersuasive because it lacked support in the record and fell outside the relevant time period. (Tr. 16.) Indeed, the record does not contain any treatment records from Dr. Marrero and Dr. Marrero opined that Plaintiff was completely disabled as of January 2019—four years after the end of the relevant time period. *See McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 691 (11th Cir. 2020) (affirming ALJ's decision to afford less weight to physician opinion that fell outside the relevant time period); *cf. Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 802 (11th Cir. 2008) (noting that medical reports outside the relevant time period did not establish a likelihood that the ALJ would have reached a different result). Therefore, the ALJ properly considered the supportability and consistency of Dr. Marrero's opinion and the assessment is supported by the record. As such, the undersigned finds no error with the ALJ's consideration of Dr. Marrero's opinion.

To the extent Plaintiff otherwise generally challenges the ALJ's decision, Plaintiff fails to set forth any specific issues, challenges, or points of error for the Court's consideration. All other issues are therefore deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (internal citations omitted); *see also Furs-Julius v. Soc. Sec. Admin.*, 589 F. App'x 510, 511 n.1 (11th Cir. 2015).

Nevertheless, the undersigned recommends that the ALJ's determination is supported by substantial evidence in the record. Although Plaintiff alleged disability due to pain in his hips, lower back, neck, knees, and right shoulder (Tr. 152), Plaintiff consistently reported no muscular pain, back pain, neck pain, joint pain, joint stiffness, tingling/numbness, or gait abnormality during the relevant time period. (Tr. 297, 298, 300, 301, 303, 304, 306, 309, 312, 315, 318, 321, 324, 327, 328, 330, 331.) Furthermore, although Plaintiff testified during the hearing that he also suffered from headaches and sleep disturbance (Tr. 55, 60), his medical records reflect that he often reported no headaches, insomnia, or sleep disturbance throughout the relevant period. (Tr. 297, 300, 303, 306, 310, 313, 316, 319, 322, 324, 327, 330.) Therefore, the undersigned recommends that the ALJ's finding that Plaintiff was not disabled during the relevant period is supported by substantial evidence and should not be disturbed.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **AFFIRMED**.

2. The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on January 6, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record
*Pro se* Plaintiff